IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS FREDERICK,

    Petitioner,

    v.

BRIAN COOK, WARDEN,

    Respondent.

Case No. 2:15-cv-2868
JUDGE GEORGE C. SMITH
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Return of Writ* (ECF No. 7), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Facts and Procedural History

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant-appellant, Thomas G. Frederick ("appellant"), appeals a judgment entered by the Franklin County Court of Common Pleas sentencing him to eight years in prison for aggravated vehicular homicide in violation of R.C. 2903.06, a felony of the second degree, and six months in prison for operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19, a misdemeanor of the first degree, with the sentences to run consecutively. The court also ordered the lifetime suspension of appellant's driver's license, without work-driving privileges, and advised appellant of a three-year mandatory period of post-release control. We affirm his conviction and sentence.
>
> Appellant pled guilty to the two offenses of which he was convicted. During the plea colloquy, the trial court advised appellant that the maximum possible sentence for the first of those counts—aggravated vehicular homicide—was eight years. He advised appellant that the maximum sentence for the second count—OVI—was six months.

Following appellant's plea of guilty, the state recited the following facts concerning the charges.

During the early morning hours of September 29, 2012, the victim, William Houck, a 60–year–old tow-truck driver, was connecting a broken-down car to the back of his tow truck. The disabled vehicle was on the right berm of I–71 northbound, north of Cooke Road.

Appellant was driving his vehicle north on I–71 when he struck the back of the disabled vehicle. Houck, who was out of his tow truck at the time, was propelled many feet down the road. He suffered fatal blunt-force injuries and was pronounced dead at 4:18 a.m.

Officers responded to the scene in time to see appellant stopped in the center lane of the highway. They then observed appellant drive his vehicle at low speed southbound in the left berm of the northbound lanes. Appellant had previously retrieved his front bumper, which had completely broken off the front of his car, and placed it in his backseat.

Appellant stopped his vehicle and put it in park. Officers approached the vehicle after hearing accelerator or engine-revving sounds. Officers opened the driver's side door and immediately noticed a strong odor of alcohol. Appellant acknowledged that he had been drinking and that he had too much to drink. He stated that "this is my fault" and that he was sorry. (Tr. 8.) Officers observed that he was unsteady on his feet. He was taken to the hospital where a blood test revealed an alcohol content of .242, well in excess of the legal limit.

Appellant told the patrol officers that he had consumed 12 beers between the hours of 5 p.m. and 2:30 a.m. He also reported that he had been to two bars and a house party and had smoked some marijuana. He informed police that his doctor had prescribed a blood thinner medication, which interacts unfavorably with alcohol, and that he had been advised to cut back on his drinking. During his police interview, appellant also stated "I'm dead wrong, I killed someone." (Tr. 9–10.)

The court ordered a pre-sentence investigation at the conclusion of the guilty plea hearing. At the June 28, 2013 sentencing hearing, the court heard statements from members of the victim's family and friends and from appellant. The court orally advised appellant of the sentence without additional comment.

Appellant did not object to the sentence at the sentencing hearing. Later that day, the court filed the judgment entry of conviction and sentencing.

In its entry, the court sentenced appellant to eight years in prison on Count One, the aggravated vehicular homicide count, and six months on Count Five, the OVI count, to run consecutively. The court stated as follows:

> The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is mandatory on Count One pursuant to R.C. 2929.13(F).
>
> \* \* \*
>
> After imposing sentence, the Court gave its findings and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e).
>
> (Emphasis sic.) June 28, 2013 Entry.
>
> Appellant has appealed his sentence and asserts the following sole assignment of error:
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO THE MAXIMUM PRISON TERM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

*State v. Frederick*, No. 13AP-630, 2014 WL 1878023, at *1-2 (Ohio App. 10th Dist. May 8, 2014). On May 8, 2014, the appellate court affirmed the judgment of the trial court. *Id.* On October 8, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Frederick,* 140 Ohio St.3d 1452 (Ohio 2014). On August 6, 2014, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 6, PageID# 120.) On September 25, 2014, the appellate court denied the Rule 26(B) application. (PageID# 174.) Petitioner apparently did not file an appeal to the Ohio Supreme Court from that decision.

Petitioner filed the *Petition* on September 28, 2015. He alleges that the trial court improperly imposed maximum sentences in violation of Ohio law (claim one); and that he was denied his right to due process because the trial court failed to consider mitigating circumstances presented at sentencing, resulting in fundamentally unfair sentencing proceedings (claim two).

3

Respondent contends that claim one fails to present a cognizable claim for federal habeas relief and that claim two is procedurally defaulted.

## Claim One

In claim one, Petitioner alleges that the state trial court violated Ohio law in imposing maximum terms of incarceration.  This claim does not warrant federal habeas relief.  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).  It is only where the error resulted in the denial of fundamental fairness that habeas relief will be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Such are not the circumstances here. In short, claim one is without merit.

## Claim Two

In claim two, Petitioner alelges that he was denied due process because the trial court failed to consider mitigation evidence at sentencing.  However, Petitioner did not assert this federal claim in his direct appeal, where he argued oinly that the state trial court violated Ohio law.

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each federal constitutional claim to the state courts as a federal

4

constitutional claim.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Although this fair presentment requirement is a rule of comity, not of jurisdiction, *see Castille v. Peoples,* 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999), it is nevertheless rooted in principles of federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment.  In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) by reliance upon federal cases employing constitutional analysis; (2) by reliance upon state cases employing federal constitutional analysis; (3) by phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) by alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy this "fair presentment" requirement.  *Id.*

Here, Petitioner did not raise before the state courts an issue regarding the violation of due process, nor did he refer to the federal Constitution or to any federal cases employing federal constitutional analysis in support of his claim. Instead, he raised his claim only in terms of the alleged violation of state law. *See Brief of Appellant* (ECF No. 6, PageID# 45-55.)  The state appellate court addressed that claim only in terms of the alleged violation of state law.  *See State v. Frederick*, 2014 WL 1878023.  Further, Petitioner has failed to establish cause for his failure to present this federal claim to the state courts.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

5

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). The constitutionally ineffective assistance of counsel can constitute cause for a procedural default, so long as that claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). Here, Petitioner has procedurally defaulted his claim of the denial of the effective assistance of counsel by failing to file a timely appeal from the denial of his Rule 26(B) proceedings with the Ohio Supreme Court. He may now no longer do so, because Ohio does not permit delayed appeals in Rule 26(B) proceedings. S.Ct.Prac.R. 7.01(A)(4)(c). Therefore, Petitioner has waived his claim that he was denied the effective assistance of appellate counsel based on his attorney's failure to timely inform him of the appellate court's decision denying his appeal. Further, Petitioner has failed to establish cause and prejudice for this procedural default. Therefore, the denial of the effective assistance of counsel therefore cannot constitute cause for Petitioner's waiver of claim two. In short, claim two has been procedurally defaulted.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
January 31, 2017
